UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CAROLLYNE GALANSKI,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>Defendant. | Case No. 1:23-cv-01270-JLT-CDB<br><br>ORDER RE: DISCOVERY DISPUTES<br><br>(Docs. 34-35) |
| ROBERT J. MILLS,<br><br>Plaintiff,<br><br>v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>Defendant. | Case No. 1:23-cv-01273-JLT-CDB<br><br>ORDER RE: DISCOVERY DISPUTES<br><br>(Docs. 39-40) |

Currently before the Court are numerous discovery disputes that the parties have agreed to submit to the Court for adjudication through the Court's informal discovery dispute procedure.

**Background**

In these two related cases sharing a common discovery and pretrial motion schedule, Plaintiffs Robert J. Mills and Carollyne Galanski assert claims against Defendant Wal-Mart Associates, Inc., for violations of California's labor and unfair competition laws and seek to

1  recover penalties under the Private Attorneys General Act ("PAGA"), Cal. Lab. Code §§ 2698 - 2699, for the alleged labor law violations. While Plaintiff Mills still was employed with Defendant as of the filing of his operative second amended complaint (Case No. 1:23-cv-01273-JLT-CDB, "Mills Case," Doc. 15 ¶ 10), as of the filing of her operative second amended complaint, Plaintiff Galanski, who worked at the same Bakersfield Wal-Mart store as Plaintiff Mills, allegedly had resigned from her employment with Defendant (Case No. 1:23-cv-01270-JLT-CDB, "Galanski Case," Doc. 17 ¶ 5). In addition to their common wage and hour-related allegations and claims, Plaintiff Galanski asserts causes of action against Defendant for violations of California's Fair Employment and Housing Act based on sexual harassment and discrimination and related claims.

The scheduling order for these cases entered on December 15, 2023. On May 7, 2024, counsel for Plaintiffs requested the Court convene an informal discovery dispute conference related to Defendant's objections and responses to Plaintiffs' interrogatories and document demands. The parties filed informal discovery dispute briefs in both cases. Because of the voluminous nature of the parties' separate submissions in connection with the disputes, the Court will not repeat each position here.

On May 16, 2024, the Court held a discovery dispute conference via Zoom video conference. Karl Gerber appeared on behalf of Plaintiffs. Alexandra Asterlin and Paloma Peracchio appeared on behalf of Defendant. At the beginning of the conference, the parties agreed to resolution of the identified discovery disputes outside the Local Rule 251 formal parameters, agreed to proceed without record, and agreed to abide by an order of the Court after the conference resolving the dispute to the exclusion of seeking other relief through motions filed pursuant to Fed. R. Civ. P. 37 or otherwise.

As set forth in more detail below, the discovery disputes involve approximately 35 of Plaintiff Galanski's requests for production of documents ("RPDs") and, in the case of Plaintiff Mills, approximately 20 RPDs (many of which overlap with Plaintiff Galanski's disputed RPDs) and three interrogatories. The parties' briefing and filings made in connection with the discovery disputes total approximately 700 pages. (Mills Case, Docs. 39, 40; Galanski Case, Docs. 34,

35). While the Court acknowledges and appreciates the parties' not insignificant meet/confer efforts prior to seeking Court intervention as characterized in the parties' submissions, the sheer number and nature of discovery disputes left for the Court to resolve is extraordinarily time and resource consuming. While this order may not directly address each and every facet of the many identified discovery disputes and related objections by the parties, the Court trusts it is comprehensive enough to provide guidance for the parties to informally resolve any further and related discovery disputes – which, invariably, will require the parties' continued cooperation, collaboration, and compromise.

**Governing Legal Standard**

"The purpose of discovery is to make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest extent possible, and to narrow and clarify the issues in dispute." *Jadwin v. Cnty. of Kern*, No. 1:07-cv-0026-OWW-TAG, 2008 WL 2025093, at *1 (E.D. Cal. May 9, 2008) (quotation and citations omitted). Litigants are entitled to seek from each other discovery of information that is "relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b).

Information need not be admissible in evidence to be discoverable. Fed. R. Civ. P. 26(b)(1). *See, e.g., Ford v. Unknown*, No. 2:21-cv-00088-DMG-MAR, 2023 WL 6194282, at *1 (C.D. Cal. Aug. 24, 2023) ("Defendants are permitted to discover inadmissible information and bear the risk of asking questions at a deposition that could ultimately be useless at trial."). "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." Fed. R. Evid. 401. Relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case. *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). Although relevance is broadly defined, it does have "ultimate and necessary boundaries." *Gonzales v. Google, Inc*., 234 F.R.D. 674, 680 (N.D. Cal. 2006) (quoting *Oppenheimer Fund, Inc*., 437 U.S. at 351).

In response to a party's request for production of documents, the receiving party "is obliged to produce all specified relevant and nonprivileged documents or other things which are

in its 'possession, custody or control' on the date specified in the request." *Jadwin*, 2008 WL 2025093, at *1 (quoting Fed. R. Civ. P. 34(a)). As firmly established, "[c]ontrol is defined as the legal right to obtain documents upon demand." *In re Citric Acid Litig.*, 191 F.3d 1090, 1107 (9th Cir. 1999) (quoting *United States v. Int'l Union of Petroleum & Indus. Workers*, 870 F.2d 1450, 1452 (9th Cir. 1989)). Additionally, a party responding to an interrogatory is obligated to respond to the fullest extent possible, Fed. R. Civ. P. 33(b)(3), and any objections must be stated with specificity, Fed. R. Civ. P. 33(b)(4). "Generally, the responding party does not need to conduct extensive research in answering the interrogatory, but a reasonable effort to respond must be made." *Ramirez v. Kitt*, No. 1:17-cv-00947-BAM (PC), 2024 WL 247243, at *2 (E.D. Cal. Jan. 23, 2024) (citation omitted).

"The party who resists discovery has the burden to show that discovery should not be allowed, and has the burden of clarifying, explaining, and supporting its objection." *Int'l Union of Petroleum & Indus. Worker*, 870 F.2d at 1452 (quotation and citations omitted).

**Discussion**

Defendant represents that, notwithstanding its numerous objections to Plaintiffs' discovery demands, it is prepared to produce documents responsive to more than half of the disputed demands at issue. Thus, the Court will first address the matter of a protective order and direct the parties to confer and file a stipulated protective order that the Court presumes will resolves at least preliminarily the disputes as to these discovery demands and facilitate production of documents and related responses as expeditiously as possible. The Court next will address remaining discovery disputes largely or entirely unconnected to certain of Defendant's objections based on the need for a protective order.

    **A.    Defendant's Withholding of Documents Based on Third Party and Privacy Rights**

As to Plaintiff Mills, Defendant represents it is withholding from production "pending entry of a stipulated protective order" documents responsive to approximately 11 document production demands largely relating to (1) Plaintiff's workplace complaints and (2) complaints made by other employees relating to wage and hour disputes. (Mills Case, Doc. 40 at 4-5 nn. 1-

2). As to Plaintiff Galanski, Defendant similarly has withheld "pending entry of a stipulated protective order" documents responsive to approximately 26 document production demands largely relating to the same two subject matters described above, and additionally, documents pertaining to Plaintiff's and other employees' sexual harassment complaints and reports submitted via Defendant's ethics hotline. (Galanski Case, Doc. 35 at 2-3 nn. 1-5).

In a case such as this predicated solely on diversity jurisdiction, the state law of privilege applies. *See Lite On It Corp. v. Toshiba Corp.*, No. CV 07-04758-SGL(AJWx), 2009 WL 10669760, at *3 (C.D. Cal. Mar. 4, 2009) (citing Weinstein's Fed. Evid. § 501.02[2][b] at 501-11); Fed. R. Evid. 501. Accordingly, this Court looks to authorities interpreting the right to privacy under California state law.

The California Supreme Court's framework for evaluating claims implicating the right to privacy under Article I, Section 1 of the California Constitution involves a balancing test that begins with a three-party inquiry. First, the claimant must possess a "legally protected privacy interest," such as, for instance, "precluding the dissemination or misuse of sensitive and confidential information." *Pioneer Elec. (USA), Inc. v. Superior Court*, 40 Cal.4th 360, 370 (2007) (quoting *Hill v. Nat'l Collegiate Athletic Assn*., 7 Cal.4th 1, 35 (1994)). "Though personal identifying information is 'entitled to some privacy protection,' its disclosure is not a serious invasion of privacy, in contrast to the disclosure of 'one's personal medical history or current medical condition nor details regarding one's personal finances or other financial information.'" *Cervantes v. CEMEX, Inc.*, No. 1:12-cv-1932-LJO-JLT, 2014 WL 4104200, at *6 (E.D. Cal. Aug. 18, 2014) (quoting *Pioneer*, 40 Cal.4th at 372).

Second, the person asserting a privacy interest must possess "a reasonable expectation of privacy under the particular circumstances," which is defined as "an objective entitlement founded on broadly based and widely accepted community norms." *Pioneer*, 40 Cal.4th at 370-71 (quoting *Hill*, 7 Cal.4th at 36-37). Third and lastly, the alleged invasion of privacy "must be 'serious' in nature, scope, and actual or potential impact to constitute an 'egregious' breach of social norms." *Id.* at 371 (quoting *Hill*, 7 Cal.4th at 37).

If each of the three parts of this inquiry are shown, "the Court must then balance the

privacy interest against the competing disclosure interest." *Cervantes*, 2014 WL 4104200, at *6 (citing *Pioneer*, 40 Cal.4th at 370-71). In this regard, courts "should consider factors including the purpose of the information sought, the effect that disclosure will have on the affected persons and parties, the nature of the objections urged by the party resisting disclosure[,] and availability of alternative, less intrusive means for obtaining the requested information.'" *McClure v. Prisoner Transportation Services of America, LLC*, No. 1:18-cv-00176-DAD-SKO, 2020 WL 1182653, at *3 (E.D. Cal. Mar. 12, 2020) (internal quotation and citation omitted).

Here, the Court finds that information relating to employees' complaints of sexual harassment and discrimination implicates a legally protected privacy interest. Further, the Court finds that people hold an expectation of privacy in the context of alleging harassment or other discrimination in the workplace that society recognizes as reasonable given that such complaints commonly involve sensitive facts that, if disclosed, could result in embarrassment and the engenderment of animus. And Defendant has some privacy interest in protecting from disclosure details of its internal ethics investigations. To ensure it can effectively investigate allegations implicating employee ethics and to encourage responsible reporting, Defendant should provide its employees some assurance that information volunteered by victims and witnesses will remain confidential and be protected. California courts recognize and term this interest "informational privacy." *Hill*, 7 Cal.4th at 35. This interest is objectively reasonable considering "widely accepted community norms" – because ethics investigations typically involve sensitive and private concerns, people generally accept that details of such investigations remain confidential.

The Court now balances Defendant's privacy interest "against the competing disclosure interest." *Cervantes*, 2014 WL 4104200, at *6 (citing *Pioneer*, 40 Cal.4th at 370-71). The Court has little difficulty concluding that information concerning Plaintiff Galanski's sexual harassment complaints – and complaints raising similar allegations by other employees at the same store during the same time – would be relevant to the action under Fed. R. Civ. P. 26(b)(1). *See Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978) (relevancy is broadly defined to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case). The Court further concludes that Defendant's

1 right to privacy in the details of its internal harassment/discrimination investigations of
2 employees is not absolute and disclosure of such information pursuant to an appropriate
3 protective order would not constitute a serious invasion of privacy here.

4     In contrast, the Court rejects Defendant's asserted entitlement under privacy and
5 "uninvolved third party" rubric to withhold documents relating to complaints by Plaintiffs and
6 others at the same store during the relevant timeframe (and Defendant's investigations thereof)
7 pertaining to the core hour and wage claims at issue in both actions.  Under the *Pioneer* and *Hill*
8 three-part test, the subject matters of these complaints and investigations – including, for
9 instance, failure to pay minimum wage and overtime and failure to provide for meal and rest
10 breaks – do not implicate the same types of sensitive and confidential subjects to which people
11 attach objectively reasonable expectations of privacy.  Moreover, disclosure of witness
12 statements implicating California Labor Code violations would not "constitute an 'egregious'
13 breach of social norms" (*Pioneer*, 40 Cal.4th at 371 (quoting *Hill*, 7 Cal.4th at 37)), as reflected
14 by the fact, for instance, that class certification of such claims routinely involves the parties to
15 such disputes publicly filing dozens of declarations of aggrieved employees articulating their
16 complaints.  *E.g.*, *Shaw v. Daifuku Servs. Am. Corp.*, No. 1:21-cv-01084-KES-CDB, 2024 WL
17 1526755, at *13 (E.D. Cal. Apr. 9, 2024); *Vega v. Delaware North Cos., Inc.*, No. 1:19-cv-
18 00484-ADA-SAB, 2023 WL 6940198, at *15 & n.10 (E.D. Cal. Oct. 20, 2023*); Rojas-Cifuentes*
19 *v. ACX Pac. Nw. Inc.*, No. 214CV00697JAMCKD, 2018 WL 2264264, at *6 (E.D. Cal. May 17,
20 2018); *Alberts v. Aurora Behavioral Health Care*, 241 Cal. App. 4th 388, 409 (2015).

21     Federal Rule of Civil Procedure 26(c), which authorizes the Court to enter protective
22 orders, "was enacted as a safeguard for the protection of parties and witnesses in view of the
23 broad discovery rights authorized in Rule 26(b)."  *United States v. Columbia Broad. Sys., Inc.*,
24 666 F.2d 364, 368-69 (9th Cir. 1982). Rule 26(c) states in relevant part that for good cause
25 shown, the court may make an order to protect a party or person from "annoyance,
26 embarrassment, oppression, or undue burden or expense." Fed R. Civ. P. 26(c).

27     Generally, the public can gain access to litigation documents and information produced
28 during discovery unless the party opposing disclosure shows 'good cause' why a protective order

is necessary." *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp*., 307 F.3d 1206, 1210 (9th Cir. 2002). To satisfy the "good cause" standard, the party seeking a protective order must explain the specific prejudice or harm that will result if the information is not protected. *Id*. at 1211. Generalized statements of harm are not enough. *Beckman Indus, Inc. v. Int'l Ins. Co*., 966 F.2d 470, 476 (9th Cir. 1992); *In re Roman Catholic Archbishop of Portland in Oregon*, 661 F.3d 417, 424 (9th Cir. 2011). Once the moving party makes this showing, the burden shifts to the nonmoving party to show that the information is relevant to a party's claims or defenses or the subject matter of the lawsuit and is necessary to prepare the case for trial. *Id. See Edwards v. California Dairies, Inc*., No. 1:14-mc-00007-SAB, 2014 WL 2465934, at *5 (E.D. Cal. June 2, 2014) (characterizing the shifted burden as "substantial need"); *Stanislaus Food Products Co. v. U.S.S-POSCO Industries*, No. 1:09-cv-00560-LJO-BAM, 2012 WL 6160468, at *5 (E.D. Cal. Dec. 11, 2012); *Nutratech, Inc. v. Syntech (SSPF) Intern., Inc*., 242 F.R.D. 552, 554-55 (C.D. Cal. 2007).

To safeguard the privacy interests addressed above, the Court directs the parties to confer regarding entry of stipulated protective order that extends heightened protection to documents and information relating to (1) complaints of sexual harassment and discrimination by Plaintiff Galanski and other employees at the same store during the relevant time period and Defendant's treatment and investigation of such complaints, and (2) sensitive personnel matters (*i.e*., termination decisions). The Court expects excerpts of or entire documents in these two categories could be deemed "confidential" and subject to filing only upon sealing by the Court. In contrast, documents and information relating to complaints about and resulting investigations of the core hour and wage claims at issue in both actions shall not be accorded such protection in general, save for required redaction of personal identifying information. Likewise, non-sensitive records commonly relevant in these types of actions, including time and pay records and work schedules, should not be accorded confidential status triggering a need to request sealing with Court prior to filing any such documents. A general provision limiting disclosure of these types of documents beyond the parties' litigation teams and prohibiting use of the documents for purposes other than prosecuting and defending these actions would be

1 appropriate.

2 For the reasons described above, the Court finds Defendant has adequately carried its burden to show that these specific documents are of a confidential nature and that their unfettered disclosure would be harmful. *Nutratech*, 242 F.R.D. at 554-55. Further, as best as this Court can discern, Plaintiffs' opposition to entry of a protective order is that Defendant's proposed protective order is inconvenient and there are more reasonable alternatives available. *E.g.* (Mills Case, Doc. 39-1 at 1 & 5). This is not a compelling basis on which to oppose entry of a protective order and the Court otherwise fails to see that a protective order would prejudice Plaintiffs' efforts to prosecute their case.

10 As set forth below, it appears from the parties' filings that certain of Plaintiffs' discovery demands require Defendant to search for electronically stored information (ESI). The parties' protective order should address all agreeable ESI parameters. In general, those parameters may require a responding party intending to use search terms to run against responsive ESI data to provide a list of proposed search terms to the requesting party. The requesting party may then propose modifications to the proposed search terms and propose additional terms. The parties shall then engage in meet and confer efforts consistent with a timetable agreeable to the parties.

17 At the discovery dispute conference, the Court advised counsel for the parties that it preliminarily assessed a need at least for a limited protective order and encouraged the parties to continue conferring about terms of an agreeable, stipulated protective order. Accordingly, the Court HEREY ORDERS that, within seven (7) days of entry of this order, Defendant shall provide to Plaintiffs a proposed, stipulated protective order consistent with the terms addressed herein. Within seven (7) days thereafter, Plaintiffs shall provide Defendant with any edited, stipulated protective order.  Within seven (7) days thereafter, and only following exhausted meet/confer efforts, the parties shall (a) file a stipulated protective order and, if disputed provisions remain, (b) concurrently file a joint statement of no more than six (6) pages addressing the parties' positions regarding any remaining disputes concerning the terms of a protective order.

28 ///

**B.     Remaining Discovery Disputes not Implicating a Protective Order**

**1.     Disputed Interrogatories – Mills Case**

Interrogatory #1:

Provide the last known name and address of each of your nonexempt California employees who worked at 1249 Alan Road in Bakersfield, California 93314 from April 21, 2022 onward as team leads, academy trainers, employees in the fresh department including, but not limited to, loading and unloading shelves and working in the stock room, and any employee during this period, from this store, who complained they were asked to or did work off-the-clock, and any employees of this store sent group texts, or any text messages by any team lead or higher level supervisor concerning work.

Defendant raises numerous objections, including undue burdensomeness and that the interrogatory "violates the privacy rights of uninvolved third parties," and in a supplemental response, agrees to provide the last known contact information for all hourly associates employed at the relevant Wal-Mart store during the relevant time period subject to a protective order.

With the exception of its objections based on undue burden and privacy, Defendant's objections are overruled on all grounds asserted. Defendant shall provide the last known contact information for all hourly associates employed at the relevant Wal-Mart store during the relevant time period subject to a protective order. With respect to the contact information provided by Defendants, Plaintiffs shall adhere to the following limitations: (1) Plaintiffs' counsel shall inform any employee contacted by Plaintiffs that he or she has a right not to talk to counsel and that, if he or she elects not to talk to counsel, Plaintiffs' counsel will terminate the contact and not contact them again; (2) Plaintiffs shall not use any of the contact information obtained for any purposes outside of this litigation.

Interrogatory #2 and #3:

Provide the name and address of each witness to any of the claims Plaintiff makes and to any of the defenses you plan to raise in this case.

Defendant raises numerous objections to these interrogatories, including: (1) the terms

10

and phrases "each witness," "any of the defenses," "plan," and "raise in this case" are overly broad; (2) the terms "witness," "defenses," and "plan" are vague and ambiguous; (3) it calls for a legal conclusion; (4) it violates the rights of uninvolved third parties; (5) based on the breadth of the Interrogatory, it potentially violates the attorney-client and attorney work product privileges; and (6) the Interrogatory is premature. With those objections, Defendant answered these interrogatories by identifying three nonparty witnesses and "associates from various departments at Store # 3139 (to be more specifically identified as soon as is practicable.)."

All of Defendant's objections are overruled. Plaintiffs' interrogatories seek nothing more and nothing less than disclosures Defendant is obligated to make under Rule 26(a) – identities and contact information for witnesses the disclosing party "may use to support its claims or defenses." Defendant acknowledged during the conference its duty to identify witnesses and to supplement those disclosures.

**2.  Disputed RPDs – Mills Case**

#1

Please produce your human resource manuals, in effect during the period of time the Plaintiffs worked for you that you contend were applicable to the Plaintiff.

Defendant's objections are upheld on vagueness grounds and overruled on confidentiality grounds. In its supplemental response, Defendant identifies six policies by name as being relevant and which it will produce. Defendant does not object on relevance grounds, which the Court construes as affirmation it is producing all relevant policies applicable to Plaintiffs' employment with Defendant.

#15

Copies of each written policy that you contend Plaintiff violated during Plaintiff employment with you.

Defendant's objections are overruled on all grounds asserted. In its supplemental response, Defendant affirms it "is not aware of any responsive policies because Plaintiff was only ever disciplined for job performance issues, for which no specific policy exists. Discovery and investigation is ongoing." Given its ongoing investigation, Defendant shall supplement its

discovery responses with production of relevant documents as required. *See* Fed. R. Civ. P. 26(e)(1).

#16

Please produce all documents relating to, pertaining to, or reflecting the terms and conditions of the Plaintiff employment with you.

With the exception of its objections based on undue burden and attorney-client privilege and/or work-product doctrine, Defendant's objections are overruled on all other grounds asserted. Defendant shall produce documents sufficient to reflect the terms and conditions of Plaintiffs' employment.

#22

Each document you have on Plaintiff that you took off the internet.

Defendant's objections based on overbreadth are upheld given Plaintiffs failure to demonstrate that requiring a seemingly unlimited search for potentially responsive documents is proportional to the needs of the case. *See* Fed. R. Civ. P. 26(b)(1).

#23

All documents indicating you terminated Plaintiff's employment for any period of time.

Defendant's objections are upheld on overbreadth grounds in part and overruled on vagueness grounds. The second amended complaint alleges that Cruz and Valencia caused Plaintiff's firing. Accordingly, in addition to the documents identified in Defendant's supplemental response to #23 as already having been produced, Defendant shall produce any communications from or to Cruz and Valencia and any documents authored by Cruz and Valencia addressing Plaintiff's termination from employment.

#39 / #45

All texts and phone records showing calls between Marcos Cruz to Plaintiff. All documents showing any team lead, supervisor, or manager called Plaintiff on his cell phone or texted him about work related issues.

Defendant's objections are upheld on overbreadth grounds in part and overruled on all other grounds asserted. To the extent such records are in its possession, custody and control,

Defendant shall produce text and phone records reflecting communications between Cruz and Plaintiff during the time of Plaintiff's employment. The Court notes that Plaintiff cites no authority for the proposition that an employee or supervisor's personal electronic device (such as a personal cell phone) is within the possession, custody or control of a defendant employer. *Cf. In re Citric Acid Litig.*, 191 F.3d at 1107 (defining "control" under Rule 26 "as the legal right to obtain documents upon demand").

#41

Each lawsuit brought by any employee of the store Plaintiff worked in during the last 7 years alleging any form of unpaid wages, or retaliation for complaining to management.

Defendant's objections are upheld on attorney-client privilege and/or work-product doctrine grounds, overbreadth grounds in part and overruled on all other grounds asserted. Defendant represents it will produce "a list of responsive lawsuits" responsive to this document demand; the Court finds this response is proportional to the needs of the case given that non-privileged documents associated with the lawsuits of interest would be equally available to Plaintiff. *See* Fed. R. Civ. P. 26(b)(1).

#42

All documents indicating Plaintiff is not owed any of the money Plaintiff prays for in claims 1-10 and 12 of this lawsuit.

Defendant's objections are upheld on attorney-client privilege and/or work-product doctrine grounds, overbreadth grounds in part and overruled on all other grounds asserted. The Court construes this request as demanding production of documents that Defendant must produce under Fed. R. Civ. P. 26(a)(1)(A)(ii) & (e)(1).

### 3. Disputed RPDs – Galanski Case[1]

#19

Any documents demonstrating any of your employees spoke about the DFEH charges Plaintiff filed.

---

[1] The Court incorporates below its decisions pertaining to the disputed Mills Case RPDs to the extent the same RPDs are disputed in the Galanski Case.

13

Defendant's objections are upheld on attorney-client privilege and/or work-product doctrine grounds, overbreadth and undue burdensomeness grounds in part and overruled on all other grounds asserted. Bearing in mind the need to tailor discovery in proportion to the needs of the case, Defendant shall produce communications between Defendant's supervisory employees and DFEH/CRD pertaining to Plaintiff's submittal to DFEH/CRD dated April 25, 2023 (*see* Doc. 17-1).

#26

All documents signed by anybody in connection with any investigations relating to Plaintiff.

Defendant's objections are upheld on attorney-client privilege and/or work-product doctrine grounds and overruled on all other grounds asserted.

#47/48

All documents indicating the procedure that had to be gone through in order to terminate [and identifying Walmart personnel involved in terminating] Cervera's employment.

Defendant's objections are upheld on attorney-client privilege and/or work-product doctrine grounds, overbreadth and undue burdensomeness grounds in part and overruled on all other grounds asserted. Bearing in mind the need to tailor discovery in proportion to the needs of the case, Defendant shall produce (1) any written policies governing termination by Defendant of employees such as Cervera, and (2) the identities of any employee of Defendant involved in the decision to terminate Cervera's employment.

#50

All documents showing the locations of the store Cervera was supposed to work at between January 12, 2023 and January 31, 2023.

In her discovery dispute briefing, Plaintiff clarifies this document demand seeks information about "what remediation" occurred relating to assigning Cervera work at locations other than Plaintiff's worksite. (Doc. 34 at 6). Accordingly, Defendant's objections are upheld on relevance and proportionality grounds in part and overruled on all other grounds asserted. Bearing in mind the need to tailor discovery in proportion to the needs of the case, Defendant

14

1    shall produce documents sufficient to show whether and when Cervera was reassigned to a
2    worksite in order that he not work in close proximity to Plaintiff.
3    #51
4    All documents indicating Plaintiff communicated with Christine Almengor, in human
5    resources, about sexual harassment.
6    Defendant's objections are upheld on attorney-client privilege and/or work-product
7    doctrine grounds, overbreadth grounds in part, and overruled on all other grounds asserted.
8    Bearing in mind the need to tailor discovery in proportion to the needs of the case, Defendant
9    shall produce documents sufficient to show all dates on which Plaintiff and Christine Almengor
10   communicated regarding any complaint made by Plaintiff about alleged harassment or
11   discrimination by any employee of Defendant.
12   #57
13   All documents indicating there was a systematic problem with employees working off-
14   the-clock at the Plaintiff's store during any portion of her employment with you.
15   Defendant's objections are upheld on attorney-client privilege and/or work-product
16   doctrine grounds, and on all other grounds asserted in part.  Bearing in mind the need to tailor
17   discovery in proportion to the needs of the case, Defendant shall produce documents sufficient
18   to show complaints made by Defendant's employees about working off-the-clock at Plaintiff's
19   store during any portion of her employment with Defendant.
20   **C. Miscellaneous Matters**
21   Because certain of Defendant's written discovery responses at issue fail to comply with
22   the Federal Rules of Civil Procedure in various ways, Defendant shall serve responsive
23   documents and amended responses to Plaintiffs' requests for production and interrogatories
24   within 21 days of entry of this order.  Among other things, the amended responses shall clarify
25   either that (1) all responsive, non-privileged documents have been produced, (2) no responsive
26   documents were located despite a diligent search, or (3) documents are withheld pursuant to an
27   identified objection or privilege.  If Defendant withholds documents (or redacts documents)
28   based on attorney-client privilege or attorney work-product objections, it shall include each such

document or redaction on a privilege log.  *See* Fed. R. Civ. P. 26(b)(5).  The privilege log shall be served within 30 days of entry of this order.

IT IS SO ORDERED.

Dated:  **May 24, 2024**

_____
UNITED STATES MAGISTRATE JUDGE