1  PALOMA P. PERACCHIO, CA Bar No. 259034
   paloma.peracchio@ogletree.com
2  ISABELLA B. URREA, CA Bar No. 327885
   isabella.urrea@ogletree.com
3  OGLETREE, DEAKINS, NASH, SMOAK &
   STEWART, P.C.
4  400 South Hope Street, Suite 1200
   Los Angeles, CA  90071
5  Telephone:      213-239-9800
   Facsimile:      213-239-9045
6
   MITCHELL A. WROSCH, CA Bar No. 262230
7  mitchell.wrosch@ogletree.com
   OGLETREE, DEAKINS, NASH, SMOAK &
8  STEWART, P.C.
   Park Tower, Fifteenth Floor
9  695 Town Center Drive
   Costa Mesa, CA  92626
10 Telephone:      714-800-7900
   Facsimile:      714-754-1298
11
   *[Additional Counsel on following page]*
12
   Attorneys for Defendant
13 WAL-MART ASSOCIATES, INC.

14                **UNITED STATES DISTRICT COURT**

15                **EASTERN DISTRICT OF CALIFORNIA**

16

17 CAROLLYNE GALANSKI,                          Case No. 1:23-cv-1270-JLT-CDB

18          Plaintiff,                          **STIPULATION REGARDING
                                                PRODUCTION OF CONFIDENTIAL
19     v.                                       DOCUMENTS AND PROPRIETARY
                                                INFORMATION;  ORDER**
20 WAL-MART ASSOCIATES, INC.; DOES 1-
   100 INCLUSIVE,
21
            Defendants.                         Complaint Filed:    April 25, 2023
22                                              Trial Date:         November 28, 2025
                                                District Judge:     Hon. Jennifer L. Thurston
23                                                                  Courtroom 4, Fresno
                                                Magistrate Judge:   Hon. Christopher D. Baker
24                                                                  Suite 200, Bakersfield

25

26

27

28

1   Karl Gerber, CA Bar No. 166003
    EMPLOYMENT LAWYERS GROUP
2   13418 Ventura Boulevard
    Sherman Oaks, CA  91423
3   Telephone:     818-783-7300
    Facsimile:      818-995-7159
4
    Attorneys for Plaintiff
5   CAROLLYNE GALANSKI

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 1:23-cv-1270-JLT-CDB

62627186.v1-OGLETREE

**IT IS HEREBY STIPULATED** by and between Plaintiff CAROLLYNE GALANSKI ("Plaintiff") and Defendant WAL-MART ASSOCIATES, INC. ("Defendant") (collectively, "the parties"), through their respective attorneys of record, that a Protective Order be entered by this Court as follows:

1.      This Stipulation and Protective Order shall apply to the production and exchange of all document requests and documents, interrogatories and answers to interrogatories, depositions, request for admissions and responses to requests for admissions, exhibits, pleadings, admission of evidence at trial, and all other information exchanged and furnished in this action by the parties that are confidential and/or proprietary.

2.      The parties acknowledge that discovery will require disclosure of information that is private, personal, privileged, confidential, proprietary, or nonpublic. As a result, the parties agree that they will be required to enter this Stipulation and Protective Order (hereinafter "Order") on the following terms to ensure the continuing confidentiality of materials designated as Confidential Material in this litigation. Confidential Material, as used in this Order, shall refer to any document or item designated as "Confidential." The parties understand that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as confidential. Nothing in this Order shall require any party to produce any specific document or category of documents which a party deems inappropriate for production.

## I.      DEFINITIONS OF CONFIDENTIAL MATERIAL

3.      Confidential Material, as used in this Order, consists of the following materials and categories of materials:

(a)      Materials relating to any privileged, or confidential information, including, but not limited to documents pertaining to complaints of sexual harassment and discrimination by Plaintiff and other employees, sensitive personnel matters, along with other proprietary or confidential information.

4.      The parties shall not designate as confidential information that is already public knowledge.

5.     The parties agree that such Confidential Material as described in paragraph 3 above, should be given the protection of an order of this Court to prevent injury through disclosure to persons other than those persons involved in the prosecution or defense of this litigation. This Order will serve to achieve the following: expedite the flow of information, facilitate the prompt resolution of disputes over confidentiality of discovery materials, adequately protect information the parties are entitled to keep confidential, ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, and address their handling at the end of the litigation.

6.     The parties agree that non-sensitive personnel records commonly relevant in this type of action, such as time and pay records and work schedules, and documents and information relating to complaints about and resulting investigations of the core hour and wage claims, save for required redaction of personal identifying information, will not be designated as confidential, and need not be filed under seal. However, documents in these categories will have a limited disclosure to only the parties' litigation teams and the use of these documents shall be prohibited for purposes other than prosecuting and defending this instant action.

## II.     PROCEDURE FOR DESIGNATING INFORMATION AS CONFIDENTIAL

7.     To designate information as confidential, the producing party shall mark Confidential Material with the legend "CONFIDENTIAL." The parties shall submit confidential discovery responses, such as answers to interrogatories or answers to requests for admissions, in a separate document stamped with the appropriate legend designating those responses as Confidential Material. The Receiving Party may make copies of Confidential Material and such copies shall become subject to the same protections as the Confidential Material from which those copies were made.

(a)     Information on a disk or other electronic format (e.g., a native format production) may be designated confidential by marking the storage medium itself (or the native file's title) with the legend "CONFIDENTIAL." The Receiving Party shall mark any hard-copy printouts and the storage medium of any permissible copies of such electronic material with the corresponding legend contained on the original and such copies shall become subject to the same protections, as the Confidential Material from which those copies were made.

(b)      Information disclosed at any deposition of a party taken in this action may be designated by the party as confidential by indicating on the record at the deposition that the information is confidential and subject to the provisions of this Order. Alternatively, the party may designate information disclosed at the deposition as confidential by notifying the court reporter and other parties in writing, within fifteen (15) business days of receipt of the transcript, of the specific pages and lines of the transcript which are designated as confidential. The parties may agree to a reasonable extension of the 15-business-day period for designation. Designations of transcripts will apply to audio, video, or other recordings of the testimony. During such 15-business-day period, the entire transcript shall receive confidential treatment. Upon such designation, the court reporter and each party shall affix the "CONFIDENTIAL" legend to the designated pages and segregate them as appropriate.

8.      A producing party may change the confidentiality designation of materials it has produced, as follows: (1) The producing party must give the receiving parties notice of the change by identifying the documents or information at issue. Once notice is given, the receiving party must make good-faith efforts to ensure that the documents or information are accorded treatment under the new designation. (2) Within a reasonable period after giving notice, the producing party must reproduce the documents or information in a format that contains the new designation. (3) If such information has been disclosed to persons not qualified pursuant to paragraph(s) (14-15) below, the party who disclosed such information shall (a) take reasonable efforts to retrieve previously disclosed Confidential Material; (b) advise such persons that the material is Confidential; and (c) give the producing party written assurance that steps (a) and (b) have been completed.

## III.    DATA SECURITY

9.      The parties agree to provide adequate security to protect data produced by the other party(ies) or by non-parties. This includes secure data storage systems, established security policies, and security training for employees, contractors and experts. Adequate security also includes such measures as data encryption in transit, data encryption at rest, data access controls, and physical security, whether hosted/outsourced to a vendor or on premises. At a minimum, any receiving party subject to the terms of this Order, will provide reasonable measures to protect non-client data

consistent with the American Bar Association Standing Committee on Ethics and Professional Responsibility, Formal Opinion 477R.

## IV.     ELECTRONICALLY STORED INFORMATION

10.     To the extent that certain F.R.C.P. 34 requests require the production of electronically-stored information (ESI), the parties agree that the responding party will so state in response to the request and the parties will thereafter meet and confer on methods to search ESI in order to identify responsive ESI and to filter out ESI that is not subject to discovery. Such methods may include agreeing to certain custodians and/or search terms to apply to any ESI search. In such an instance, the responding party shall provide an initial proposal of custodians and/or and search terms, and the requesting party may then propose modifications to the proposed custodians and/or search terms. The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter in meeting and conferring on appropriate searches of ESI.

## V.     CLAWBACK PROVISIONS

11.     The production of privileged or work-product protected documents, electronically stored information (ESI) or information, whether inadvertent or otherwise, is not a waiver of the privilege or protection from discovery in this case or in any other federal or state proceeding.

12.     This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence (FRE) 502(d) and shall be enforceable and granted full faith and credit in all other state and federal proceedings by 28 U.S. Code § 1738. In the event of any subsequent conflict of law, the law that is most protective of privilege and work product shall apply.

13.     Nothing contained herein is intended to or shall serve to limit a party's right to conduct a review of documents, ESI, or information (including metadata) for relevance, responsiveness and/or segregation of privileged and/or protected information before production.

14.     A producing party must give written notice to any receiving party asserting a claim of privilege, work-product protection, or other ground for reclaiming documents or information (a "clawback request"). After a clawback request is received, the receiving party shall immediately sequester the document (if not already sequestered) and shall not review or use that document, or

any work product containing information taken from that document, for any purpose. The parties shall meet and confer regarding any clawback request.

## VI.     WHO MAY RECEIVE CONFIDENTIAL AND HIGHLY CONFIDENTIAL INFORMATION

15.     *Confidential Material.* Any Confidential Material and the information contained therein shall be disclosed only to the Court, its staff, in-house counsel and outside counsel of record for each party, and also shall be disclosed on a need-to-know basis only to the parties, counsel's staff personnel, employees of a party to whom disclosure is necessary in connection with the preparation for and trial of this action, any witnesses in the case (including consulting and testifying experts) as may from time to time reasonably be necessary in prosecution or defense of this action, and any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions.

16.     *Restriction on Disclosure to Direct Competitors.* Notwithstanding the foregoing, Confidential Material shall not be disclosed to any current or former employees of, or current or former consultants, advisors, or agents of, a direct competitor of any party named in the litigation. If a Receiving Party is in doubt about whether a particular entity is a direct competitor of a party named in this lawsuit, then before disclosing any Confidential Material to a current or former employee, consultant, advisor, or agent of that entity, the Receiving Party's counsel must confer with counsel for the Producing Party.

17.     *Persons Receiving Confidential Information Must Sign Exhibit A.* Counsel for each party shall advise all persons to whom Confidential Material is disclosed pursuant to this Order of the existence of this Order and shall provide all such persons (other than the Court, its staff, any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the parties engaged in settlement discussions) with a copy of this Order. Counsel shall also require such persons to execute the Affidavit attached as ***Exhibit A***, prior to the disclosure of Confidential Material.

18.     *Duties in the Event of Unauthorized Disclosures.* It shall be the obligation of counsel, upon learning of any unauthorized disclosure or threatened unauthorized disclosure of Confidential

Information, or any other breach or threatened breach of the provisions of this Order, to promptly notify counsel for the Producing Party. The notification shall be supplemented with reasonable details of the circumstances of the disclosure in order to permit the producing party to understand and take appropriate steps. Each party and its counsel agree to take reasonable and good-faith efforts to contain or limit any breach promptly upon receiving notice of it, and to make reasonable and good-faith attempts to retrieve any unauthorized disclosure of documents or information. This provision does not limit the producing party's entitlement to damages resulting from any breach of this Order.

## VII.   AUTHORIZED USES OF CONFIDENTIAL MATERIAL

19.    Confidential Material shall only be used for the purpose of litigating the above-captioned lawsuit and may not be used in other lawsuits.

20.    Persons having knowledge of Confidential Material and information due to their participation in the conduct of this litigation shall use such knowledge and information only as permitted herein, and shall not disclose such Confidential Material, their contents or any portion or summary thereof to any person(s) not involved in the conduct of this litigation.

21.    If any person having access to the Confidential Material herein shall violate this Order, he/she may be subject to sanctions by the Court and may be liable to pay for the damages caused by his/her violation.

## VIII.   CHALLENGES TO THE DESIGNATION OF CONFIDENTIAL MATERIAL

22.    Any party or interested member of the public may move the Court to modify the designation of any documents or information produced in this litigation (either to include additional protection with respect to confidentiality or to remove a confidential designation).

23.    Before making such a motion, the party or an interested member of the public shall first attempt to resolve such dispute with the producing party's counsel by providing a written notice of each designation it is challenging and describing the basis for each challenge. To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of this Order. The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the

1   date of service of notice. In conferring, the party or interested member of the public seeking the

2   modification of the designation must explain the basis for its belief that the confidentiality

3   designation was not proper and must give the designating party an opportunity to review the

4   designated material, to reconsider the circumstances, and, if no change in designation is offered, to

5   explain the basis for the chosen designation. The party or interested member of the public seeking

6   the modification of the designation may proceed to the next stage of the challenge process only if it

7   has engaged in this meet and confer process first or establishes that the designating party is unwilling

8   to participate in the meet and confer process in a timely manner.

9          24.     If the parties cannot resolve a challenge without court intervention, the designating

10  party shall request a hearing with all involved parties and the Court consistent with the Scheduling

11  Order (ECF. No 30) within 21 days of the initial notice of the challenge or within 14 days of the

12  parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier.

13  The burden of persuasion in any such challenge proceeding shall be on the designating party.

14  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary

15  expenses and burdens on other parties) may expose the party challenging the designation to sanction.

16  Unless the designating party has waived all confidentiality designation by failing to timely request a

17  hearing with the Court as described above, all parties shall continue to afford the material in question

18  the level of protection to which entitled under the producing party's designation until the Court rules

19  on the challenge. Pending resolution of any challenges to the designation of documents or

20  information, the material at issue shall continue to be treated as Confidential Material until ordered

21  otherwise by the Court.

22  **IX.    WITHHOLDING OF INFORMATION**

23         25.     *Redactions.*   The parties may redact (1) information that is privileged or protected

24  from discovery as work product or by reason of any other applicable privilege or immunity; (2)

25  information subject to non-disclosure obligations imposed by governmental authorities, law or

26  regulation (e.g., protected personal information); and (3) sensitive, non-relevant information,

27  including but not limited to personally identifiable information, trade secrets, or information

28  regarding products, data, or people. Redactions of emails will not redact the names of recipients or

the subject line of the emails, unless the subject line is itself privileged or contains the sensitive

information described above, in which case only so much of the subject line will be redacted as may

be needed. The parties will produce redacted documents in TIFF format (or searchable PDF if

production format dictates; or in native format for file types that do not convert well to TIFF/PDF,

such as Excel files) with corresponding searchable OCR text and the associated metadata for the

document, ensuring the redacted content is fully protected from disclosure.

## X.        CONFIDENTIAL MATERIAL IN FILINGS, HEARINGS, AND TRIAL

26.      *Confidential Material in Filings.* Pursuant to the Standing Order issued in this case

(ECF No. 13), no document will be filed, nor may a redacted document be filed, without the prior

approval of the court. All requests to seal or redact shall be governed by Local Rules 141 (sealing)

and 140 (redaction). Requests to seal or redact will be filed by the proponent of sealing or redaction.

If a party plans to make a filing that includes material an opposing party has identified as confidential

and potentially subject to sealing, the filing party shall provide the opposing party with sufficient

notice in advance of filing to allow for the seeking of an order of sealing or redaction from the court.

27.      *Manner of Sealing.*  In the event Confidential Materials or portions of transcripts are

sealed as confidential by the Court or as described in paragraph 23 above, they shall be filed in an

envelope bearing the following designation when deposited:

**CONFIDENTIAL**

IN ACCORDANCE WITH THE CONFIDENTIALITY ORDER OF

THE COURT, THE CONTENTS OF THIS ENVELOPE SHALL BE

TREATED AS CONFIDENTIAL AND MUST NOT BE SHOWN

TO A PERSON OTHER THAN THE COURT, ATTORNEYS IN

THIS    CASE,    OR    TO    PERSONS    ASSISTING    THOSE

ATTORNEYS.

28.      *Confidential Material in Hearings and Trial.*  Any use of Protected Material at trial

shall be governed by the orders of the trial judge. This Order does not govern the use of Protected

Material at trial.

## XI.   <u>CONTINUING EFFECT OF THIS ORDER AND DUTY TO DESTROY</u>

29.   Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until the designating party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, re-hearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

## XII.   <u>PROCEDURE IF CONFIDENTIAL MATERIAL IS REQUIRED TO BE PRODUCED</u>

30.   If any person receiving documents covered by this Order is served with a subpoena, order, interrogatory, document, or civil investigative demand (collectively, a "Demand") issued in any other action, investigation, or proceeding, and such Demand seeks material that was produced or designated as Confidential Material by someone other than the Receiving Party, the Receiving Party shall give prompt written notice by hand or electronic transmission within five (5) business days of receipt of such Demand to the party or non-party who produced or designated the material as Confidential Material, and shall object to the production of such materials on the grounds of the existence of this Order. At the request of the party or non-party who produced or designated the material as Confidential Material, the Receiving Party shall refuse to comply with the Demand unless (a) ordered to do so by a court with jurisdiction over the Receiving Party; or (b) released in writing by the party or non-party who designated the material as Confidential Material. The burden of opposing the enforcement of the Demand shall fall upon the party or non-party who produced or designated the material as Confidential Material. Compliance by the Receiving Party with any order of a court of competent jurisdiction, directing production of any Confidential Material, shall not constitute a violation of this Order.

## XIII.   <u>APPLICATION OF THIS ORDER TO PRODUCTIONS BY THIRD PARTIES</u>

31.   This Order may be used by third parties producing documents in connection with this action. Third parties may designate information as "Confidential."

32.     If a third party produces (or intends to produce) documents and does not designate (or does not intend to designate) those documents as Confidential Material, then any party to this action may seek to designate that third party's documents or categories of documents as Confidential Material. In that case, it will be the burden of the party seeking protected status to move for a court order designating the materials as Confidential Material after the parties confer.

33.     In the event additional parties join or intervene in this litigation, the newly joined party(ies) shall not have access to Confidential Material until its/their counsel has executed and, at the request of any party, filed with the Court the agreement of such party(ies) and such counsel to be fully bound by this Order.

34.     The parties agree that nothing in this Order shall be deemed to limit the extent to which counsel for the parties may advise or represent their respective clients, conduct discovery, prepare for trial, present proof at trial, including any document designated Confidential Material as set forth herein, or oppose the production or admissibility of any information or documents which have been requested.

35.     This Order shall remain in full force and effect until such time as it is modified, amended, or rescinded by the Court.

## XIV.   NO ADMISSIONS

36.     Neither entering into this Order, nor receiving any documents or other information designated as "Confidential," shall be construed as an agreement or admission (1) that any document or information designated as "Confidential" is in fact Confidential Information; (2) as to the correctness or truth of any allegation made or position taken relative to any matter designated as "Confidential"; or (3) as to the authenticity, competency, relevancy, or materiality of any information or document designated as "Confidential."

## XV.   MODIFICATION – FURTHER AGREEMENTS

37.     Nothing contained herein shall preclude any party from seeking from the Court modification of this Order upon proper notice or shall preclude the parties from entering into other written agreements designed to protect Confidential Information.

ORDER

Case No. 1:23-cv-1270-JLT-CDB

## XVI.   COUNTERPARTS

38.    This Order may be executed in counterparts, each of which shall be deemed an original, and which together shall constitute one instrument.

**IT IS SO STIPULATED.**

DATED: June 11, 2024                    OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.

By: */s/*Isabella B. Urrea
　　　Paloma P. Peracchio
　　　Mitchell A. Wrosch
　　　Isabella B. Urrea

Attorneys for Defendant
WAL-MART ASSOCIATES, INC.

DATED: June 11, 2024                    EMPLOYMENT LAWYERS GROUP

By: /s/Karl Gerber
　　　Karl Gerber

Attorneys for Plaintiff
CAROLLYNE GALANSKI

IT IS SO ORDERED.

Dated:   **June 12, 2024**

_____
UNITED STATES MAGISTRATE JUDGE

**Exhibit A**

**ACKNOWLEDGMENT OF RECEIPT OF PROTECTIVE ORDER REGARDING CONFIDENTIAL INFORMATION AND AGREEMENT TO BE BOUND THEREBY**

I hereby acknowledge receipt of and that I have read a copy of the Stipulation and Protective Order (the "Order"), which I understand was made on _____, 2024, in the action entitled Carollyne Galanski v. Wal-Mart Associates, Inc., et al., Case No. 1:23-cv-1270-JLT-CDB, USDC, Eastern District of California. I agree that I will be bound by the provisions of the Order with respect to any Confidential Information provided to me under the terms thereof. I agree that, if I receive any Confidential Information, I will not make any copies thereof nor disclose such Confidential Information except as permitted by the Order. I further understand that if I fail to comply with the terms of the Order, I may be subject to sanctions by the Court, and I hereby consent to personal jurisdiction in the State of California with respect to any matter relating to or arising out of the Order.

Executed this _____day of _____, 2024, at _____, _____.
                                                          *City*                    *State*

_____
*Signature*

Name:          _____

Affiliation:     _____

Address:       _____

                    _____